Haskell *v.* Jones.

MICAJAH HASKELL & al. *versus* ABIJAH JONES.

To maintain the action of trover, it is necessary that all the tenants in common should join as plaintiffs; and that they should be the legal owners of the goods, and entitled to the possession of them.

If A, for a consideration received from B, by an instrument under seal, "sells and delivers to C, the agent and attorney for said B," certain personal property, on condition that the conveyance should be void on the payment by A of the consideration received from B, C having power on certain contingencies to take the property into his possession, and make sale thereof for the payment of the debt to B; the owership of the goods is in C, and B cannot maintain trover therefor.

THE action was trover, brought by Micajah Haskell, Francis Lecompte and H. A. Warren against Jones, a deputy sheriff, who had attached the property, alleged to have been converted by him, on a writ against W. D. Lecompte and Asa Porter in favor of one of their creditors.

The facts are stated in the opinion of the Court.

After the evidence was all before the jury, a nonsuit was entered by consent of parties, which was to be confirmed, or to be set aside, and a new trial granted, as the Court might adjudge to be in conformity with law, upon a report of the evidence.

*Warren*, for the plaintiffs, contended that the action was rightly brought. The principals may maintain an action in their own names on a contract made by their agents, even if a suit could be sustained in the name of the agents. Story's Agency, 431, 98, 99, 150, 154, 407; 17 Wend. 40; 5 Mass. R. 491; 19 Johns. R. 60; 4 Wend. 285; 2 Brod. & B. 402.

The conveyance of the property was, however, to the plaintiffs, and not to their attorneys or agents.

*Kent*, for the defendant, said that all the tenants in common of personal property must join in action of trover, to recover the value thereof. And if the action is brought in the name of wrong plaintiffs, the defendant may avail himself of it at the trial, without pleading in abatement. *Gilmore* v. *Wilbur*, 12

Pick. 120; 2 Saund. 116, (a) note 2; 8 T. R. 430; 7 T. R. 45; 4 Kent, 310.

The opinion of the Court was by

SHEPLEY J. — To maintain the action of trover it is necessary, that the plaintiffs should appear to be legal owners of the goods and entitled to the possession of them. It is also necessary, that all the tenants in common should join in the action. The question arises in this case, whether two of the plaintiffs have exhibited any proof, that they had any legal interest in the goods; or whether Messrs. Warren and Brown must be regarded as legal owners.

This will depend upon the construction of the sealed instrument of conveyance made by Lecompte and Porter, bearing date on December 2, 1836. It recites, that the vendors were indebted to the plaintiffs, and that the consideration of that conveyance was such indebtment. And it declares, that they " do hereby sell and deliver to Henry Warren and A. J. Brown, agents and attorneys for said Haskell and H. A. Warren, and to said Francis Lecompte," the goods therein described. There is a condition, that the deed shall be void upon payment of the debts due to the plaintiffs in the manner prescribed. There was another instrument made by Lecompte and Porter on the following day, by which the goods were to be redelivered to them ; and Lecompte testified, " that said conveyance and said agreement to take back said goods of the 3d of December were all one transaction and in pursuance of the original bargain." The latter acknowledges the reception of the goods " for the purpose of carrying on the business of confectioners and of selling the goods at retail as the agents of Warrren and Brown and Lecompte." And it authorizes Warren and Brown, in case of failure, to make the payments or to conduct the business in a manner satisfactory to them, to take possession of the goods, " and sell at auction so much as shall be sufficient to pay our said debts to said Haskell and H. A. Warren, and hold the remainder subject to the direction of said Francis Lecompte." It appears from these

Haskell *v.* Jones.

instruments, considerd in connexion, that two third parts of the goods were conveyed to Warren and Brown to be sold at retail by their agents, Lecompte and Porter ; and that Warren and Brown were upon certain contingencies entitled to take possession and to sell such portion of them, as *should produce* sufficient to pay the debts due to their principals. It does not appear to have been the intention, that their principals should in any event become entitled to the possession of the goods, or that the title should so vest in them, that the goods could be sold as their property, The recitals, that the consideration proceeded from the principals and that Warren and Brown were their agents and attorneys in taking the conveyance, are not inconsistent with those provisions. Lecompte and Porter might have been unwilling to convey their goods to the principals, and to allow them to have the right to take possession of them at their pleasure, and to make sale of sufficient to pay themselves immediately ; and yet have been willing to convey the title to their attorneys and to give them such powers. These recitals would become consistent and appropriate to carry into effect such an intention, and to shew, that while Warren and Brown held the legal title to that portion of the goods, they held *it not for their own benefit, but for the benefit* of their principals. To decide that the title passed by that conveyance immediately to their principals, would be to violate the apparent intention of the parties, and to destroy those clauses in the instruments, which in effect declare that the goods were to be sold as the property of Warren and Brown, and that confidence was reposed in them to superintend and control the management and sale of them by Lecompte and Porter.

*Nonsuit confirmed.*